466

■■■■■■■■
■■■■■■

UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Stefan PRIME, Defendant–
Appellant.

No. 06–30141.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2007.*

Filed March 14, 2007.

---

\* This panel unanimously finds this case is suit-
able for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Helen J. Brunner, Esq., Bruce F. Miyake, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Anna M. Tolin, Esq., Law Offices of Anna M. Tolin, Seattle, WA, for Defendant–Appellant.

Before: FISHER and TALLMAN, Circuit Judges, and MILLS,** District Judge.

### MEMORANDUM ***

Michael Stefan Prime appeals his sentence imposed by the district court following a limited remand pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005) (en banc). The district court concluded that Prime's sentence would not have been materially different under an advisory Guidelines scheme and denied his request for resentencing. We affirm.

### I.

■ In challenging his 85–month sentence, Prime claims that the district court

---

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

did not use the proper standard of proof as to certain enhancements, arguing for a reasonable doubt standard instead of a preponderance standard. The government argues this claim has been waived. Regardless of whether there has been a waiver, however, there was no error. This court has squarely addressed and rejected the claim that a reasonable doubt standard applies to sentencing disputes post-*Booker*. *See, e.g., United States v. Kilby*, 443 F.3d 1135, 1140–41 (9th Cir.2006); *United States v. Clark*, 452 F.3d 1082, 1085–86 (9th Cir.2006).

■■ Prime argues in the alternative that if a reasonable doubt standard does not apply, then a clear and convincing evidence standard applies because the enhancements were disproportionate to his base sentence. *See United States v. Staten*, 466 F.3d 708, 717–18 (9th Cir.2006). Prime waived this claim because he does not rely on intervening precedent, and he did not raise it at ·all on direct review. Because Prime first raised the issue on limited remand, it is reviewed only for plain error. Prime offers no argument as to why there was plain error in this case. We conclude that even if there was error, it was not "plain" because, even though the sentence was disproportionate, the question of whether a clear and convincing standard applies is very case-specific and applies differently in conspiracy cases like this one. *See United States v. Riley*, 335 F.3d 919, 926 (9th Cir.2003) (discussing six-factor test and noting that conspiracy cases may be on a "different plane" that weighs strongly against the application of the clear and convincing evidence standard of proof).

■ Even if the error was plain, Prime has failed to show prejudice by showing gaps in the evidence that might have defeated the sentencing enhancements if a clear and convincing standard were applied. In contrast, the government has provided ample proof in support of the enhancements.

## II.

■ Prime next argues that his sentence is unreasonable because the district court failed to fashion a sentence that incorporates the factors and goals of 18 U.S.C. § 3553(a) and refused to grant a new sentencing hearing to adequately consider these relevant factors. Relying on the 1998 psychological report of Dr. Comer LaRue, Prime contends that the court should have granted him an evidentiary hearing in which he could further demonstrate his psychological irregularities.

On *Ameline* remand, the district court permitted the parties to submit supplemental briefing. As part of his supplemental submissions, Prime provided the court with the entire 1998 psychological report. After reviewing the parties' submissions and the record, the district court answered "no" to the question of "whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory." *Ameline*, 409 F.3d at 1084.

Prime suggests that the court should have more thoroughly investigated his condition. However, he fails to explain why it would be the court's burden to sua sponte conduct this type of investigation and, critically, why he did not himself obtain further details regarding his psychological condition and include it in his written submissions on *Ameline* remand. He had the opportunity to present all of the evidence he thought might have swayed the district court. The court simply found that the new submissions did not change the considerations that informed the original sentence and thus did not warrant further hearing. This procedure is fully consistent

with *Ameline* and thus Prime's request for a hearing fails.

■ Prime also argues that the district court erred in finding that his mental health and age did not materially alter the sentence, thus rendering it unreasonable. Our review of a negative answer at *Ameline* step one is limited to whether the district court "properly understood the full scope of his discretion in a post-*Booker* world." *See United States v. Combs*, 470 F.3d 1294, 1296–97 (9th Cir.2006). The district court had ample understanding of its authority.

Moreover, even assuming we could review the district court's ruling that the medical elements would not alter Prime's sentence, the district court's determination was reasonable. Although Prime argues that more consideration should have been given to the section 3553(a) factors, the record shows that the district court considered the relevant factors. Prior to the charges in this case, Prime had already been convicted of fraudulent conduct and had devised several complex and creative means to perpetrate further frauds. The disparity between Prime's sentence and those of his cohorts was justified by his position as the head of the criminal endeavor and their decision to assist in his prosecution. These concerns justify a long sentence, and the district court's determination was therefore reasonable.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.